## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELA K. GENTRY, Individually, | : | |
| And as Executrix of the Estate of | : | |
| TROY LEE GENTRY, Deceased, | : | |
| *Plaintiff,* | : | **CIVIL ACTION** |
| | : | |
| v. | : | |
| | : | |
| SIKORSKY AIRCRAFT CORPORATION | : | |
| et al., | : | No. 18-1326 |
| *Defendants.* | : | |

## MEMORANDUM

PRATTER, J.                                                            DECEMBER 3, 2018

After several months of silence, Plaintiff Angela Gentry now seeks leave to file two supplemental exhibits in support of her April 30, 2018 motion to remand this action to state court. Because Ms. Gentry has not satisfied the prerequisites for her request, the Court denies the motion.

### BACKGROUND AND PROCEDURAL HISTORY

After a helicopter crash killed Troy Gentry, his wife initiated this lawsuit against Sikorsky Aircraft Corporation and several allegedly related entities in the Court of Common Pleas of Philadelphia County. Ms. Gentry's complaint, filed on March 8, 2018, includes claims for negligence, strict liability, and breach of warranty.

1

On March 29, 2018, the Defendants removed the action to federal court based on the Court's diversity and federal question jurisdiction.[1] Pursuant to an April 13, 2018 scheduling order, see Doc. No. 3, Ms. Gentry moved to remand the action to state court on April 30, 2018, arguing that (1) removal was improper because not all Defendants consented, (2) remand is required because at least some of the Defendants are Pennsylvania residents, and (3) the Court lacks subject matter jurisdiction, under either a diversity or federal question theory. The Defendants filed their opposition to the motion to remand on May 14, 2018, and Ms. Gentry filed her reply brief on May 22, 2018.[2] From May 22, 2018 until November 1, 2018, neither party filed any additional materials with the Court nor did the parties seek leave to supplement their briefs on the motion to remand.

But on November 1, 2018, less than two weeks before the scheduled oral argument on the motion to remand[3] and more than five months after filing her reply brief, Ms. Gentry filed, without leave of the Court, a new brief and two new exhibits in support of the motion to remand. The brief principally described the exhibits and how they relate to the motion. The first exhibit, Exhibit O, includes the attorney declaration of Jacklyn Fetbroyt, describing the corporate structures and interrelationships of the Defendants, as well as materials supporting Ms. Fetbroyt's declaration;

---

[1]     This case was initially assigned to Eastern District of Pennsylvania Chief Judge Lawrence Stengel. Prior to Chief Judge Stengel's retirement, the case was reassigned to the Honorable Gene E.K. Pratter, on July 17, 2018. See Doc. No. 11.

[2]     Ms. Gentry received a one-day extension of her May 21, 2018 reply brief deadline. See Doc. Nos. 8, 10.

[3]     Oral argument on the motion to remand was originally scheduled for November 13, 2018, but was adjourned until December 13, 2018. See Doc. No. 18.

the second exhibit, Exhibit P, contains photocopies of business cards from various individuals who participated in the investigation of the helicopter crash.[4]

On November 9, 2018 (after the parties submitted opposing letters to the Court regarding the propriety of the supplemental materials, but before the Court offered any response or ruling other than to confirm receipt of the letters and adjourn oral argument on the motion to remand until December 13, 2018), Ms. Gentry filed the at-issue motion seeking leave to file the two supplemental exhibits (the Fetbroyt Declaration and the Business Card Exhibit) in support of the motion to remand.[5] The Defendants opposed the motion for leave in a November 21, 2018 filing, which also included a cross-motion to strike the Fetbroyt Declaration (should the Court otherwise grant Ms. Gentry's motion for leave to file supplemental materials).

## DISCUSSION

Ms. Gentry's motion for leave to file supplemental materials comes months after the end of briefing on her motion to remand. Ms. Gentry's proposed supplemental materials also do not respond to a new or unanticipated argument made by the Defendants in their most recent filing. Because of these deficiencies, Ms. Gentry is not entitled to leave to file her submission.

### 1. Legal Standard

Before determining whether to permit Ms. Gentry to file the Fetbroyt Declaration and the Business Card Exhibit, the Court must first determine what standard of review applies to Ms. Gentry's request for leave to file supplemental materials. Both Ms. Gentry and the Defendants,

---

[4]     Further citations to Exhibit O will refer to the exhibit as the "Fetbroyt Declaration" or "Fetbroyt Decl." Citations to the materials in support thereof will use the formulation "Fetbroyt Decl., Ex. A." Further citations to Exhibit P will refer to the exhibit as the "Business Card Exhibit."

[5]     It appears, based on Ms. Gentry's motion for leave, see Doc. No. 19, that she is not seeking leave to file the supplemental brief that initially accompanied the filing of her supplemental exhibits. See Doc. No. 14.

3

without explanation, apply the liberal standard applicable to supplemental pleadings, under Federal Rule of Civil Procedure 15(d). See Thomas v. SmithKline Beecham Corp., No. 00-2948, 2002 WL 32351172, at *2 (E.D. Pa. Sept. 5, 2002) ("Pursuant to Federal Rule of Civil Procedure 15(d), plaintiffs may file supplemental pleadings to amplify previously alleged claims or to state additional claims. . . . [L]eave should, consistent with the command of Rule 15, be liberally granted."). But on its face, the rule only applies to "supplemental pleadings," and only then when "setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d).

Unlike supplemental pleadings, leave to file supplemental briefs or submissions, i.e., sur-replies, is not liberally granted. Sur-reply submissions "are not permitted as of right." Marchbanks Truck Serv., Inc. v. Comdata Network, Inc., No. 07-CV-01078, 2011 WL 11559549, at *17 (E.D. Pa. Mar. 24, 2011). Instead, whether to grant "permission for leave to file a sur-reply is a matter committed to the District Court's sound discretion." Levey v. Brownstone Inv. Grp., LLC, 590 F. App'x 132, 137 (3d Cir. 2014) (quotation omitted); see also Venuto v. Carella, Byrne, Bain, Gilfillan, Cecchi & Stewart, P.C., 11 F.3d 385, 388 (3d Cir. 1993) (stating that "[t]he district court properly exercised its discretion" in refusing to consider sur-reply). As this Court's Local Rules make clear, "[t]he Court may require or permit [sur-reply] briefs or submissions if the Court deems them necessary." E.D. Pa. Civ. R. 7.1(c), available at http://www.paed.uscourts.gov/documents/ locrules/civil/cvrules.pdf (emphasis added).

Sur-reply briefs are seldom necessary. They are appropriate only where a party "seek[s] to respond to an argument raised for the first time" by an opposing party. See NorFab Corp. v. Travelers Indem. Co., 555 F. Supp. 2d 505, 513 (E.D. P.A. 2008) (denying motion for leave to file sur-reply). This Chambers' General Pretrial and Trial Procedures reflect that standard: filing sur-

4

replies is "strongly discouraged unless it is apparent on the face of the submission that such additional briefing is necessary to rebut an issue or point of law not anticipated in or otherwise discussed in the initial briefs." Judge Gene E.K. Pratter's General Pretrial and Trial Procedures, Civil Cases § III.B, available at https://www.paed.uscourts.gov/documents/procedures/prapol2.pdf.[6] Although the Court allows sur-reply submissions to be filed without leave of Court, such submissions "must be filed and served within seven (7) days of service of the brief to which [it] responds," and "must not exceed 15 pages *in toto*." Id. Sur-replies that do not comply with those requirements must be accompanied by a motion for leave to file.

### 2. Federal Rule 15(d) Does Not Apply to Ms. Gentry's Motion for Leave.

Here, Ms. Gentry's supplemental materials are sur-reply submissions subject to Local Rule 7.1(c) and the Court's General Pretrial and Trial Procedures (but not Federal Rule 15(d)). As a threshold issue, Ms. Gentry has not submitted amended pleadings nor has she sought leave to file a supplemental pleading, as would be required to apply Federal Rule 15(d). See Fed. R. Civ. P. 15(d) (leave to file supplemental pleadings may be requested "[o]n motion and reasonable notice.") Rather, the instant motion for leave was filed "in accordance with Local Rule 7.1 to supplement [Ms. Gentry's] motion to remand." Mot. for Leave at 1 (emphasis added). As such, the supplemental filing is offered as a sur-reply submission; it is a "second supplemental response to another party's opposition to a motion"[7] and is not as a proposed modification to Ms. Gentry's pleading.

---

[6]      The Court acknowledges that this case was originally assigned to Chief Judge Stengel and so his Policies and Procedures applied until July 17, 2018. Under Chief Judge Stengel's Policies and Procedures, "[r]eply and surreply briefs [we]re not permitted unless leave to file them [wa]s granted upon motion of a party." Ms. Gentry did not make any such motion while the case was pending before Chief Judge Stengel. And since July 17, 2018, when the case was transferred, Judge Gene E.K. Pratter's General Pretrial and Trial Procedures have applied.

[7]      SURREPLY, Black's Law Dictionary (10th ed. 2014).

5

Underscoring the inapplicability of Federal Rule 15(d), the information contained in the Fetbroyt Declaration is drawn from publicly filed documents that pre-date the initiation of this action, meaning the filing would not qualify as a supplement to the pleadings even if stylized as such.[8] See Fed. R. Civ. P. 15(d) (stating that the contents of a supplemental pleading must have "happened after the date of the pleading to be supplemented"). And although counsel for Ms. Gentry only received the contents of the Business Card Exhibit—business cards from crash inspectors—after filing the complaint, that information is being offered in support of the motion to remand (rather than to supplement the complaint). See Mot. for Leave at 8 (describing Business Card Exhibit as "another piece of evidence which corroborates the fact that all of Sikorsky's operations which support the accident model helicopter occur in Pennsylvania, and its sole nerve center with respect to these operations exists in Pennsylvania"). The supplemental materials are

---

[8] See Fetbroyt Decl., Ex. B (article dated February 8, 2007); Fetbroyt Decl., Ex. C (court filing dated May 13, 2010); Fetbroyt Decl., Ex. D (Pennsylvania Department of State filing dated December 27, 1979); Fetbroyt Decl., Ex. E (UCC Financing Statements dated April 18, 2007, March 19, 2012 and March 15, 2017); Fetbroyt Decl., Ex. J (Pennsylvania Department of State filing dated December 7, 2015); Fetbroyt Decl., Ex. L (Pennsylvania Department of State filing dated April 16, 2012); Fetbroyt Decl., Ex. N (Connecticut Secretary of State filing dated December 12, 2017); Fetbroyt Decl., Ex. P (Pennsylvania Department of State filing dated May 18, 2010). To the extent that some of the exhibits to the Fetbroyt Declaration include webpage print-screens that appear to have been captured after the complaint was filed, see Fetbroyt Decl., Exs. A, F–H, K, M, O–R, this does not mean that the information appearing on the webpages was entered after the date of the complaint. Instead, these sections of the exhibits merely show that counsel for Ms. Gentry waited until after filing the complaint to access the websites shown in the exhibits. And although Exhibit I to the Fetbroyt Declaration is a September 24, 2018 letter from the Pennsylvania Department of State confirming that Keystone Helicopter Holdings, Inc. is registered to conduct business in Pennsylvania, that letter does not state that Keystone Helicopter Holdings' registration was new or post-dated the complaint. See Fetbroyt Decl., Ex. I. The letter is a certification that Keystone Helicopter Holdings "remains a registered Foreign Business Corporation so far as the records of this office show, as of the date herein." Id. (emphasis added).

6

offered in support of the motion to remand and therefore the Court shall treat them as sur-reply submissions.[9]

### 3. Ms. Gentry Has Not Made the Showing Necessary to Warrant Granting Leave to File Her Submission.

Applying Local Rule 7.1(c) and the Court's General Pretrial and Trial Procedures, Ms. Gentry has not complied with the Court's procedural or substantive requirements.

#### A. Ms. Gentry's Submission Is Untimely.

First, as a matter of procedure, Ms. Gentry's supplemental filing is untimely.[10] As Ms. Gentry herself acknowledges, "[s]ince the filing of the motion and reply, significant time has passed." Mot. for Leave at 2. "Significant time," it would appear, is a euphemism for "more than five months." Ms. Gentry's submission is therefore not only beyond the Court's seven-day deadline for filing sur-reply submissions, but also beyond the boundaries of reasonable delay, absent extenuating circumstances. See Judge Gene E.K. Pratter's General Pretrial and Trial Procedures, Civil Cases § III.B (Sur-reply briefs supported by good cause "must be filed and served within seven (7) days of service of the brief to which the reply or surreply responds unless the Court sets a different schedule."); see also, e.g., Key v. Shelby Cty., 551 F. App'x 262, 264 (6th Cir. 2014) ("[c]onsidering the amount of time that passed between Shelby County's filing of its reply brief and Key's filing of her motion for leave to file a sur-reply" and concluding district

---

9       The Federal Rules of Civil Procedure require that "[a]ny affidavit supporting a motion must be served with the motion." Fed. R. Civ. P. 6(c)(2). The Court will nevertheless consider whether Ms. Gentry properly submitted the supplemental materials as a sur-reply submission, despite the inclusion of an attorney declaration therein.

10      The length of the supplemental materials also far exceeds the Court's instruction to limit sur-reply submissions to 15 pages. Judge Gene E.K. Pratter's General Pretrial and Trial Procedures, Civil Cases § III.B. The two exhibits total 88 pages. See Doc. Nos. 14, 19.

court did not abuse its discretion in denying Key permission to file sur-reply given the "unexplained delay of six months in moving for leave to file").[11]

Ms. Gentry does not offer any persuasive excuse or good cause for her delay. See Shanks v. Plumb-Town, Inc., No. CIV. A. 95-2166, 1996 WL 115971, at *1 (E.D. Pa. Mar. 11, 1996) (granting leave to file untimely sur-reply because "it was evident from the sur-reply that [the party seeking leave] had good cause for the late filing"). Although Ms. Gentry claims that the supplemental materials contain "recently learned information," Mot. for Leave at 4, that the information is recently learned does not make it newly available.[12] And to the extent Ms. Gentry provides any additional rationale for the timing of her filing, she appears to lay the fault at the feet of the Court:

> Plaintiff's initial motion to remand requested leave to conduct discovery. Since the filing of that motion there has not been any adjudication on that request, or any hearing on the motion to remand. Due to the passage of time between the filing of the motion and the scheduled hearing, Plaintiff hired an attorney to conduct additional research on Sikorsky through internet and public record research.

Id. at 1 (citation to docket omitted).

The outstanding status of her request for jurisdictional discovery should be unsurprising to Ms. Gentry, given that she presented jurisdictional discovery as an alternative to denying the still pending motion to remand. See Mot. for Remand at 23 ("If this Court remains unconvinced that remand is justified due to the presence of nondiverse parties . . . , Plaintiffs respectfully request

---

[11]     Although the supplemental materials are properly construed as sur-reply submissions and not supplemental pleadings, the Court notes that Ms. Gentry's delay would similarly be grounds to deny a Federal Rule 15 motion for leave to amend or supplement the pleadings. "A District Court has discretion to deny a plaintiff leave to amend where the plaintiff was put on notice as to the deficiencies in his complaint, but chose not to resolve them." Krantz v. Prudential Investments Fund Management LLC, 305 F.3d 140, 144 (3d Cir. 2002) (citation omitted); see also Thomas, 2002 WL 32351172 at *2 (identifying "undue delay" as reason to deny Rule 15(d) motion).

[12]     See supra p. 6 & note 8.

jurisdictional discovery be granted[.]"). Ms. Gentry did not make a standalone request for jurisdictional discovery, nor did she suggest that jurisdictional discovery was necessary *ab initio* to adjudicate the motion to remand. See id. ("In the event that this Court is not inclined to remand this case at the outset, then discovery is appropriate to create a full record on the nerve-center of Sikorsky in Pennsylvania and on the roles of each of the parties the removing defendants incorrectly assert were improperly joined.") (emphasis added). The Court is therefore unpersuaded that Ms. Gentry's request for jurisdictional discovery in any way justifies her delay in obtaining and then filing the supplemental materials. Ms. Gentry's months-long delay in seeking leave to file her sur-reply submissions is inexcusable.

### 4. Ms. Gentry's Submission Does Not Respond to a New Argument.

Second, even treating the motion for leave as procedurally proper, Ms. Gentry still has not established how the supplemental materials "rebut an issue or point of law not anticipated in or otherwise discussed in the initial briefs." Judge Gene E.K. Pratter's General Pretrial and Trial Procedures, Civil Cases § III.B; see also NorFab Corp., 555 F. Supp. 2d at 513 (denying leave to file sur-reply that did not "seek to respond to an argument raised for the first time" by opposing party). To the contrary, the supplemental materials, like each of Ms. Gentry's motion to remand and reply brief, emphasize the Defendants' relationship with Pennsylvania.

Indeed, the motion for leave underscores that the supplemental materials do not respond to anything new or unanticipated. Ms. Gentry states that the purposes of the supplemental materials are to "(a) bolster the reasons Plaintiff's request for discovery is appropriate and (b) counter the statements by the Sikorsky defendants disavowing their clear connections to Pennsylvania." Mot. for Leave at 3. But Ms. Gentry already dedicated entire portions of her reply brief to accomplishing these very objectives. See Reply Br. Section A ("Nothing in the Defendants'

9

Response Rebuts the Existence of Active Sikorsky Entities Responsible for the Accident Model Helicopter in Pennsylvania"); Reply Br. Section B ("At a Minimum, the Presence of Pennsylvania Entities and Sikorsky's Admissions of Employees in Pennsylvania Warrants Discovery"). The motion for leave offers no explanation why Ms. Gentry could not and did not submit the supplemental materials in conjunction with her reply brief.

Underscoring the redundancy of the supplemental materials, several exhibits in support of the Fetbroyt Declaration are exact duplicates of exhibits already submitted in support of the motion to remand. Compare Fetbroyt Decl., Exs. J–K with Mot. to Remand, Ex. F; compare Fetbroyt Decl., Ex L with Mot. Remand, Ex. B at 1–2. And those portions of the supplemental materials that do not exactly replicate previous submissions nonetheless rehash territory already covered by Ms. Gentry: each of the Fetbroyt Declaration and the Business Card Exhibit relates exclusively to the Defendants' connections to Pennsylvania and whether the Defendants are citizens of Pennsylvania for the purposes of diversity jurisdiction, which is a primary focus of Ms. Gentry's motion to remand and reply brief.

Simply put, the supplemental materials do not respond to any new arguments made by the Defendants nor were they submitted to the Court in a timely fashion, and so they will not be considered.

## CONCLUSION

Rarely, a sur-reply submission may be necessary to address a new argument made by an opposing party. But not here. Because Ms. Gentry has not comported with relevant caselaw, Local Rule 7.1(c), and the Court's General Pretrial and Trial Procedures, the motion for leave is denied.[13]

An appropriate order follows.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE

---

[13] Because the Court denies Ms. Gentry's motion for leave to file supplemental materials, Defendants' cross-motion to strike the Fetbroyt Declaration is deemed moot.